UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-1034(DSD/TNL)

Search Partners, Inc.,

       Plaintiffs,

v.                                                          **ORDER**

MyAlerts, Inc.,
f/k/a TrackIF, et al.,

       Defendants.


     L. Kathleen Harrell-Latham, Esq. and Loop Legal PLLC, 2828
     University Ave SE, Suite 150, Minneapolis, MN 55414, counsel
     for plaintiffs.

     Thomas J. Conley, Esq. and Law Office of Thomas J. Conley,
     80 South Eighth Street, Suite 900, Minneapolis, MN 55402,
     counsel for defendants.


This matter is before the court upon the motion to dismiss by
defendant MyAlerts, Inc. (formerly known as TrackIF). Based on a
review of the file, record, and proceedings herein, and for the
following reasons, the motion is granted and the case is dismissed
with leave to file in state court.


**BACKGROUND**

This trade secret and contract dispute arises from the
parties' executive recruiting agreement. In approximately
September 2015, defendant and plaintiff Search Partners Inc. (SPI)
executed an agreement whereby SPI agreed to recruit and provide
names of prospective employees to MyAlerts in exchange for a fee.

Compl. ¶¶ 15-18; Conley Aff. Ex. 1.

On October 13, 2015, after detailed negotiations, one of the candidates SPI referred to MyAlerts, Mr. Babcock, declined MyAlerts' offer of employment. Compl. ¶¶ 21, 25-28. SPI alleges that at some point later, however, MyAlerts contacted Babcock to again discuss the position. Id. ¶ 29. In approximately March 2016, MyAlerts formally offered Babcock the job and he accepted. Id. ¶¶ 30-31. When SPI later learned that Babcock worked for MyAlerts, it demanded payment from MyAlerts under the contract. MyAlerts refused to pay SPI. Id. ¶ 33.

On April 3, 2017, plaintiff commenced this suit raising several claims against defendant. Count I alleges a violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1832; Count II alleges a violation of the Deceptive Trade Practices Act (DTPA), Minn. Stat. § 325D.43; Count III alleges breach of contract; Count IV alleges unjust enrichment; and Count V alleges conversion. Defendant now moves to dismiss.

## DISCUSSION

## I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

(quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. <u>Twombly</u>, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. <u>Iqbal</u>, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the court considers the parties' contract.

## II. Defense of Trade Secrets Act

SPI alleges that MyAlerts violated the DTSA by using SPI's proprietary candidate information for its economic benefit. Compl. ¶¶ 39-40. The DTSA creates a private cause of action in favor of the "owner of a trade secret that is misappropriated ... if the trade secret is related to a product or service used in, or

3

intended for use in, interstate or foreign commerce." 18 U.S.C. §

1836(b)(1). Under the DTSA, a trade secret includes:

all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

18 U.S.C. § 1839(3).

"Misappropriation" is defined as:

an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty.

Mission Measurement Corp. v. Blackbaud, Inc., 216 F. Supp. 3d 915,

920 (N.D. Ill. 2016) (citations and internal quotation marks

omitted).

Here the facts as alleged simply do not support a claim under

the DTSA. First, SPI has not properly alleged that Babcock's

identity qualifies as a "trade secret" as defined by the act or

that his identity is "a product or service used in, or intended for

4

use in, interstate or foreign commerce."[1]  18 U.S.C. § 1836(b)(1).

Second, SPI has not alleged "misappropriation" within the
meaning of the act.  The gravamen of the complaint is that SPI
should be compensated for introducing Babcock to MyAlerts; SPI does
not contend that MyAlerts improperly disclosed or misused Babcock's
identity.  Nor does SPI allege that MyAlerts used improper means to
acquire Babcock's name.  Indeed, SPI willingly introduced Babcock
to MyAlerts.  The fact that MyAlerts may have circumvented SPI by
directly hiring Babcock may give rise to a contract or quasi-
contractual claim, but it does not violate the DTSA.

Further, a plaintiff states a plausible claim for relief under
the DTSA only if it "sufficiently alleges a prohibited 'act'
occurring after May 11, 2016" – the date the DTSA was enacted.
Hydrogen Master Rights, Ltd. v. Weston, No. 16-474, 2017 WL 78582,
at *10 (D. Del. Jan. 9, 2017) (citation omitted).  The complaint
does not allege any acts on or after May 11, 2016. The alleged
misappropriation occurred when MyAlerts hired Babcock in March 2016
and is not continuing in nature.  For all of these reasons, the
DTSA claim is dismissed with prejudice for failure to state a
claim.

---

[1]    The complaint references a "proprietary database of
candidates," which could qualify as a trade secret, but the case
does not involve the database or its misappropriation.  Compl. ¶ 9.

## III. State-Law Claims

Because the court has dismissed SPI's federal claim, the only claim for which original jurisdiction existed, the court must consider whether to exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 350 n.7 (1988)); see also Kapaun v. Dziedzic, 674 F.2d 737, 739 (8th Cir. 1982) ("The normal practice where federal claims are dismissed prior to trial is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts.").

Based on consideration of the pendent jurisdiction factors, the court will not exercise supplemental jurisdiction over the state-law claims. The remaining claims depend solely on determinations of state law. See Farris v. Exotic Rubber and Plastics of Minn., Inc., 165 F. Supp. 2d 916, 919 (D. Minn. 2001) ("State courts, not federal courts, should be the final arbiters of

state law.") (quoting <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1353 (11th Cir. 1997)).  Further, the parties have yet to engage in discovery, and the court has not expended substantial resources tending to this matter.  Under the circumstances, these court is satisfied that declining to exercise supplemental jurisdiction will not harm the parties.  The court dismisses the state-law claims without prejudice.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.    The motion to dismiss [ECF No. 10] is granted;

2.    The DTSA claim is dismissed with prejudice; and

3.    The state-law claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 30, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court